IN THE
UNITED STATES DISTRICT COURT
FOR THE
WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | |
| | ) | Criminal No. 4:18-CR-00011 |
| | ) | |
| MARCUS JAY DAVIS, et al | ) | |

**UNITED STATES' OPPOSITION TO ROSS'S MOTION FOR BILL OF PARTICULARS**

The United States of America respectfully opposes Defendant Ashley Ross's Motion for Bill of Particulars with Respect to the United States' Notice of Intent to Introduce Rule 404(B) Evidence (ECF 724), in which Defendant Ross seeks a detailed Bill of Particulars regarding one incident contained in the Racketeering Conspiracy (Count 1) charge in the First Superseding Indictment. The Court has previously denied an almost identical motion. As grounds for this opposition, the United States asserts the following:

**Legal Authority**

The Federal Rules of Criminal Procedure require that an indictment be "a plain, concise, and definite written statement of the essential facts constituting the offense charged." Fed. R. Crim. P. 7(c)(1). "[A]n indictment is sufficient if it, first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." *Hamling v. United States*, 418 U.S. 87, 117, 94 (1974); *United States v. Hooker*, 841 F.2d 1225, 1227 (4th Cir.1988).

1

The purpose of a bill of particulars is to fairly apprise the defendant of the charges against him so that he may adequately prepare a defense and avoid surprise at trial. *United States v. Automated Med. Labs., Inc.*, 770 F.2d 399, 405 (4th Cir. 1985) (citation omitted). A bill of particulars is unnecessary as long as the indictment fulfills those purposes. *United States v. Butler*, 885 F.2d 195, 199 (4th Cir.1989). "The bare elements of a substantive offense coupled with the date the [G]overnment alleges the offense occurred are ordinarily sufficient to avoid" a bill of particulars. *United States v. Frye*, 5:01–CR–30058, 2002 WL 385574, *2 (W.D.Va. Feb. 20, 2002).

Indictments, however, are not read in isolation. The Fourth Circuit has long held that the discovery provided to the defendant also informs the language of the indictment and provides the defendant with adequate notice of his charges. *See also United States v. Najera*, 585 F. App'x 185, 185 (4th Cir. 2014) (finding that the district court did not abuse its discretion in denying a motion for a bill of particulars because the government provided full discovery); *United States v. Soc'y of Indep. Gasoline Marketers of Am.*, 624 F.2d 461, 466 (4th Cir. 1979) (upholding denial of motion for bill of particulars where "the Government supplied the defendants with copies of all grand jury testimony, access to all documents subpoenaed from non-defendants; all documents voluntarily submitted to the Government by third parties in the course of the investigation; and all available Brady material."); *United States v. Schembari*, 484 F.2d 931, 935 (4th Cir. 1973) (denying motion where "the underlying objectives of a Rule 7(f) motion were fully satisfied by the government's voluntary disclosure of its file"); *United States v. Workman*, No. 2:15-CR-2-1, 2015 WL 3693289, *2–3 (N.D.W.Va. June 11, 2015); *United States v. Ziccardi*, No. 3:14CR-107, 2014 WL 5459939, *2 (E.D.Va. Oct. 27, 2014) ("A defendant is not entitled to 'an unnecessary

bill of particulars, where the underlying objectives of a [Rule 7] motion are fully satisfied by informal and formal discovery.'") (citation omitted).

**Argument**

The indictment in this case is sufficient to place the Defendant on notice of the charges against her, and thus her motion should be denied. Defendant seeks a bill of particulars as to only one paragraph within Count I of the First Superseding Indictment, in which she is charged with Racketeering Conspiracy. To prove a RICO conspiracy, the government must establish "that an enterprise affecting interstate commerce existed; 'that each defendant knowingly and intentionally agreed with another person to conduct or participate in the affairs of the enterprise; and . . . that each defendant knowingly and willfully agreed that he or some other member of the conspiracy would commit at least two racketeering acts.'" *United States v. Mouzone*, 687 F.3d 207, 218 (4th Cir. 2012). *See also United States v. Abed*, 203 F.3d 822 *10 (4th Cir. 2000) (unpublished) (*quoting United States v. Posada-Rios*, 158 F.3d 832, 857 (5th Cir.1998) (holding that the elements of Section 1962(d) are "(1) that two or more people agreed to commit a substantive RICO offense and (2) that the defendant knew of and agreed to the overall objective of the RICO offense."). The statute contains no requirement of some overt act or specific act, unlike the general conspiracy provisions applicable to federal crimes. *Salinas v. United States*, 522 U.S. 52, 63 (1997).

Here, the elements of the RICO conspiracy, as well as details of the enterprise and its racketeering activity, have been adequately pled, making a bill of particulars unnecessary:

(1) The First Superseding Indictment contains a detailed description of the Rollin 60s Crips enterprise, including how the enterprise makes money, how members are admitted, the

3

organization of the gang, and the types of racketeering activity the enterprise conducted.

(2) The First Superseding Indictment details the racketeering activity in which the co-conspirators engaged.

The allegations in Count I of the First Superseding Indictment contain information supporting each element of the RICO conspiracy statute.

Moreover, the First Superseding Indictment does not just generically allege that the defendants participated in racketeering activity. The First Superseding Indictment provides the specific racketeering activity engaged in by *each defendant, by date*. *See* Par. 12. Further, the First Superseding Indictment provides additional details to help Ross prepare her defense at trial, such as, for example, the purpose of the enterprise (¶ 7) and each co-conspirators' role within the organization (¶ 9). The elements of the offense, the language of the statute, and additional factual allegations provide Ross with sufficient notice of the charges against her. *See, e.g., United States v. Strickland*, No. 7:06-CR-45-BO-2, 2007 WL 167331, at *2 (E.D.N.C. Jan. 18, 2007) (denying motion for bill of particulars in RICO case); *United States v. Cuong Gia Le*, 310 F. Supp. 2d 763, 774 (E.D. Va. 2004) (in denying motion to dismiss, court held that RICO conspiracy allegations in indictment sufficient against defendant).

Further, extensive discovery has been provided regarding this count, including the defendant's own statements and prior testimony, the recorded statements of her co-conspirators, grand jury transcripts of witnesses and co-conspirators, police reports, ballistic evidence, cellular data, interview videos, and multiple Facebook accounts. The organized, detailed, and voluminous discovery in the case helps inform the indictment and provides notice of the charged offense. This

4

is especially true in this case, where, in addition to the extensive discovery, the United States has also provided copies of its own work product (e.g., analysis of Facebook accounts) directing the Defendant to detailed, key information and evidence in this case, such as defendant statements and admission to different incidents. As courts in this district have long held, discovery in a case, especially extensive discovery, eliminates the need for a bill of particulars. *See, e.g., United States v. Byrd*, No. 1:07CR0005, 2007 WL 773924, at *1 (W.D. Va. Mar. 12, 2007) (Jones, J.) ("The government has confirmed that it will engage in extensive voluntary disclosure in this case. Such disclosure is an important factor to consider in deciding whether to order a bill of particulars."); *United States v. Fitzgerald*, No. CRIM. 305CR00013, 2006 WL 734005, at *1 (W.D. Va. Mar. 21, 2006) (Moon, J.); *United States v. Scruggs*, No. 96-0054-C, 1997 WL 128113, at *1 (W.D. Va. Mar. 18, 1997) (Michael, J.).

By requesting that the United States provide additional information, the Defendant is essentially requesting that the Court order the United States to prepare her defense. The only information missing from these allegations in this Count are *why* the Defendant committed these crimes and only the Defendant possesses that information. As the Fourth Circuit has repeatedly held, a bill of particulars is not intended to be a detailed evidentiary proffer by the government. *See, e.g., United States v. Anderson*, 481 F.2d 685 (4th Cir.1973), aff'd on other grounds, 417 U.S. 211 (1974).

Nor does the Due Process Clause does not give defendants a right to have the government construct the defense and identify defense witnesses. *United States v. Marrero*, 904 F.2d 251, 261 (5th Cir. 1990) ("While the Supreme Court in *Brady* held that the government may not properly conceal exculpatory evidence from a defendant, it does not place any burden upon the

5

Government to conduct a defendant's investigation or assist in the presentation of the defense's case."); *United States v. Griggs*, 713 F.2d 672, 673–74 (11th Cir. 1983); *United States v. Herbst*, 641 F.2d 1161, 1168 n. 11 (5th Cir. 1981); *United States v. Brown*, 628 F.2d 471, 473 (5th Cir. 1980); *United States v. Prior*, 546 F.2d 1254, 1259 (5th Cir. 1977); *United States v. Ruggiero*, 472 F.2d 599, 604 (2d Cir. 1973).

Finally, when a defendant in the related Bloods case made a similar request, the Court denied the motion. Order, ECF No. 393, *United States v. Anthony et al*, 4:18-cr-12. To the extent the Court has treated these cases identically, this ruling is the law of the case. "Under the law of the case doctrine, a court should not reconsider matters already decided in a case except in limited circumstances, such as a change in the applicable law. Otherwise, there would be little finality to judicial rulings, 'each motion becoming nothing more than the latest installment in a potentially endless serial.'" *United States v. Knox*, 363 F. Supp. 2d 845, 848 (W.D. Va. 2005) (Jones, J.) (quoting *Pinney v. Nokia, Inc.,* 402 F.3d 430, 453 (4th Cir. 2005) (quotation omitted)).

WHEREFORE, the United States requests that the motion for a bill of particulars be denied.

Respectfully submitted,

THOMAS T. CULLEN
United States Attorney

s/Heather L. Carlton
Ronald M. Huber
Heather L. Carlton
Michael Baudinet
Assistant United States Attorneys

Michael J. Newman
Special Assistant United States Attorney

6

United States Attorney's Office
255 West Main Street, Room 130
Charlottesville, VA 22902
Tel:    434.293.4283
Heather.carlton@usdoj.gov
Ron.huber@usdoj.gov
Michael.baudinet@usdoj.gov
newmamj@danvilleva.gov

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been electronically filed with the Clerk by CM/ECF system which will send notification of such filing to all counsel for the Defendants, on this 12th day of September, 2019.

s/Heather L. Carlton
Assistant United States Attorney